IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| MARGARET LYNN NOTTESTAD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. : ) |
| THE J.M. SMUCKER COMPANY, a/k/a "THE J.M. SMUCKER Co", an Ohio for Profit Corporation, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

COMES NOW the Plaintiff, Margaret Lynn Nottestad, by and through her Counsel, Eric Kjorlie, and for her causes of action against the above-named Defendant, states and alleges as follows:

### Section One
### Parties to the Action

1. Plaintiff Margaret Lynn Nottestad, is a resident of the State of Kansas, and is a former employee of the Defendant THE J.M. SMUCKER COMPANY a/k/a THE J.M. SMUCKER Co, which is an Ohio for Profit Corporation and also d/b/a within the State of Kansas under the business name of "JM Smucker's Topeka (Production Plant)". The Plaintiff during her approximately 3 ½ years of employment (from February 20, 2017

thru September 13, 2021) with the Defendant J.M. SMUCKER Co held the job description of "Senior Coordinator, Operations Support". The Plaintiff, her age sixty (60) at the time of her termination, was of a protected class (Age) and Asian/Filipino (Race).

2. The Defendant THE J.M. SMUCKER COMPANY a/k/a THE J.M. SMUCKER Co, while conducting its business as a nationwide supplier of its food products for people and pets from many Plants including its Plant "JM Smucker's Topeka (Production Plant)" self-identifies itself as: "[An Employer] dedicated to maintaining an empowering work environment that celebrates the uniqueness of each individual, promotes their development and growth and ensures effective collaboration and continued productivity while offering the flexibility needed to support true life work integration". The Defendant Employer thru its agent and employee Ms. Jaclyn Brown, Director of Human Relations of the Topeka's Plant terminated Plaintiff's employment at the end of her shift on September 13, 2021("Separation Date"). All incidents or events concerning her employment with the Defendant are alleged to have occurred within the State of Kansas. All of Plaintiff's averments of acts of discrimination (Age) and (Race) occurred during Defendant's Employee or Agent Ms. Jaclyn Brown's tenure as Director of Human Relations of the Topeka's Plant from January 6, 2021 to the date of her being fired from her position with the Defendant on September 13, 2021.

## Section Two
## Jurisdiction and Venue

4. Jurisdiction and Venue in this Court are proper. This action arises under Title VII of the Civil Rights Act of 1964, 42 USCA §§ 2000e, et seq., based on age and race as later more fully appears. This action also arises under the federal Age Discrimination in Employment Act (ADEA) of 1967 protecting the Plaintiff's anti-discrimination rights to training and provide hourly pay and benefits as a non-exempt employee of the Defendant. This action also arises on the Plaintiff's state pendent claims of age discrimination, harassment and failure to train allegations in violation of the Kansas Acts Against Discrimination, K.S.A. 44-1001 et seq. and K.S.A. 44-1113(a)(1) and (7). This Court has jurisdiction and venue under 42 USCA § 2000e-(b) and 42 USCA § 2000e-3(a), and further jurisdiction under 28 USCA §§ 1331, 1332, 1367, 1391 and 1988. The Plaintiff further brings her action timely and has brought suit within the 90 day time period of the receipt of their Right to Sue Notice to their State of Kansas charge of employment discrimination within 180 days of the unfair employment practice of a continuing nature from the EEOC, which right to Sue Letter from the EEOC was issued and placed in the mail to the Plaintiff on May 3, 2023. (See attached hereto and incorporated by reference herein is Plaintiff's Complaint Exhibit 'A'") and of which is the requisite pre-condition for her right to bring suit the EEOC "Determination and Notice of Rights" correspondence addressed to the Plaintive and placed in the U.S. Mail first-class postage on May 3, 2023. Additionally, Defendant violated state law, and more particularly state civil rights statutes for their age and harassment and failure to

train claims and other tort law, and knowingly violating state law as a result of causing Plaintiff's damages and emotional harm , which actions also were either outrageous, or grossly negligent, which directly and proximately exposed and caused her physical injury, and public humiliation, shame and embarrassment, thereby inflicting extreme and severe mental and emotional trauma, and attendant consequential damages to each of them. The alleged violations of federal law and state law alleged by the Plaintiff against the Defendant are legally distinct, but factually interwoven and mutually reinforced, and work together to cause harm and damage affirmatively and egregiously to Plaintiff through harmful actions rooted in violation of their federally and state protected civil rights. Plaintiff brings her action for constructive discharge on the basis of the Defendant creating a hostile work environment, and on her pendent state law claims for breach of privacy, violation of her state civil rights, to her action for contractual wrongful termination of her employment against her Employer under 28 USCA § 1367(a). The Plaintiff has further incurred her substantial injuries and damages greatly in excess of Seventy-five Thousand Dollars ($75,000.00) each as a result of the wrongful acts of the agents and employees of the Defendant. All acts and occurrences herein pled arose within the District of Kansas. Plaintiff further seek in addition to her actual damages, loss of wages and retirement benefits, she requests an assessment of liquidated damages to punish the Defendant in an equal amount of back pay and retirement benefits she is determined to be entitled to, her attorney fees, and costs from the Defendant.

    3. The Defendant, Defendant THE J.M. SMUCKER COMPANY a/k/a THE J.M. SMUCKER Co, can be served with process upon its Registered/Domestic Agent for

receiving process on behalf of the Defendant THE J.M. SMUCKER COMPANY a/k/a THE J.M. SMUCKER Co,

> CT Corporation System
> 4400 Easton Commons Way
> Suite 125
> Columbus, OH 43219

Alternatively, the Defendant THE J.M. SMUCKER COMPANY a/k/a THE J.M. SMUCKER Co, may also be served with process upon its President and Chief Executive Officer, to-wit: Mark T. Smucker, One Strawberry Lane, Orrville, OH 44667-0280.

## Section Three
## Factual Allegations

4. That the Plaintiff is a citizen of the United States and the State of Kansas, and reside at Topeka, Shawnee County, Kansas.

5. The unlawful employment practices alleged herein were committed within the State of Kansas. The employment records relevant to the unlawful employment practices alleged herein are maintained or administered within the State of Kansas. Plaintiff believes that all of the Defendants are within the judicial district in which venue is authorized by 42 USCA § 2000e-(3), or which have consented to venue by virtue of their affiliating to do business within this judicial district.

6. The Defendant THE J.M. SMUCKER COMPANY a/k/a THE J.M. SMUCKER Co, is an employer within the meaning of 42 USCA § 2000e-(b) and employs more than 7,300 employees (2020) nationally and more than 300 employees within the State of Kansas. The Plaintiff was an employee of the Defendant THE J.M. SMUCKER COMPANY a/k/a THE J.M. SMUCKER Co,. In addition, the Defendant, in its Corporate Bylaws has contractually agreed to comply with all federal anti-discrimination laws. Further the Defendant is believed to have implemented a comprehensive antidiscrimination age and harassment policy to protect its employees in the workplace for its employees, and which was in place during the employment of the t Plaintiff. The Defendant as employer Respondeat superior is responsible for the misdeeds sanctioned by law of its agents and employees committing sanctioned discriminatory acts.

7. The named Defendant, as employer or its supervisory employees, agents or officers of the Plaintiff during her employment, exclusively conducted or transacted the business and policies of the Defendant Corporation, including Defendant's Employee or Agent Ms. Jaclyn Brown's tenure as Director of Human Relations of the Topeka's Plant from January 6, 2021 to the date of Plaintiff being fired from her position with the Defendant on September 13, 2021. and they were at all times acting within the course, scope and purpose of such agency or employment, and each and all of them committed unlawful acts of discrimination to include either direct repeated unwelcome egregious acts of age discrimination and harassment, or by tacitly condoning or approving same without properly supervising and training of the Plaintiff in its binding

6

age and anti- harassment policies mandated by Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act (ADEA), and the Kansas Acts Against Discrimination, K.S.A. 44-1001 et seq. and K.S.A. 44-1113(a)(1) and (7); when reported by the Plaintiff of her lack of training in her Memos to Ms. Jaclyn Brown's during her tenure as Director of Human Relations of the Topeka's Plant on June 15, 2021 and on July 15, 2021 Ms. Brown ignored Plaintiff's Memos with no response, all occurring during the time of Plaintiffs' employment while she was subject to the Company's Personal Improvement Plan.  In addition, one or more of said of the said individual employees, or employees in combination, had authority to make binding decisions regarding immediate reporting and implementing the organizations zero tolerance anti-discrimination policies regarding employee age and protection of the Plaintiff from discriminatory harassment. In an Instant Messaging to Ms. Jaclynn Brown on July 19, 2021 Plaintiff further complained to the Defendant that she had been hired as a paid hourly employee and that she was entitled to greater compensation as an hourly employee and the Defendant's agent and employee Ms. Jaclyn Brown ignored her request for additional  monetary compensation she was entitled to, and this occurred within the time frame immediately after her being placed by Ms. Jaclyn Brown on a Performance Improvement Plan (PIP) which purpose was "to define serious areas of concern and gaps in work performance …". This adverse employment action placing the Plaintiff on PIP was the first time in Plaintiff's three and one-half years of satisfactory work performance required of the Defendant Employer.

      8. That one of more of the above-named Defendant's employees, by reason of

their supervisory employees, agents or officers of the Defendant in their failure to exercise their supervisory duty imposed as a matter of law, statute and binding policy, permitted other employees responsible for her request to be trained to properly perform new duties assigned to her by Ms. Jaclyn Brown, Director of Human Relations of the Topeka's Plant was ignored which was a frequent and not isolated occurrence, was egregious, and for which she and another co-employees responsible for training her in newly assigned duties requiring training had willingly failed to properly train her; and the said Ms. Jaclyn Brown knew, or should have known, or acted or failed to act in reckless disregard of Plaintiff's rights to ensure that she would be properly trained in the exercise of theirs and her supervisory duties, and she knew or should have known that their neglect, both passive and active would proximately result in harm to the Plaintiff resulting in her termination from employment on September 13, 2021.  Defendant Employer's lack of supervision in not timely implementing its zero tolerance age discrimination policies when the acts were made known to them, proximately caused unlawful age discrimination and harassment, abuse or assault to the Plaintiff's employment rights and to her public embarrassment leading to her eventual firing on September 13, 2021. Upon her termination the Plaintiff was induced by representatives of the Defendant's Corporate Office to enter into a "Confidential Separation from Employment Agreement to release the Defendant from all of her rights to bring her legal action against the Employer Defendant for Age and Harassment rights or claims that she would otherwise possess which resulted in her termination from employment with the Defendant.  Plaintiff refused to sign the "Waiver and Release of Payments and Benefits"

and timely filed with the Kansas Human Rights Commission her Complaint against the Defendant Employer of her accusations of race and Age/Retaliation on October 5, 2021. (See attached Exhibit "A") This vacuum of responsibility created a hostile work environment when the employer's anti-discrimination policies regarding employee age and anti-harassment which were designed to protect employees coming into contact with unlawful acts of age discrimination and protected in a manner that protected the employees clearly known and commonly understood rights and protections guaranteed under federal and state law were disregarded and ignored.

9. The Plaintiff further alleges that the Defendant's employee Ms. Jaclyn Brown as Director of Human Relations of the Topeka's Plant from January 6, 2021 to the date of Plaintiff being fired from her position with the Defendant on September 13, 2021 acted in her official capacity and not individually, and with knowledge and ratification of other co-employees refusal to train the Plaintiff to comply with new responsibilities assigned to her by the said Ms. Jaclyn Brown, and that her termination from employment based upon "unsatisfactory job performance by her and other co-employees acts of failure to train and harassment was such that it was in fact a ruse to cover retaliation, or ratification thereof by Defendant's employees while acting in the course of the requisite supervisory duties required by law and was against the Plaintiff, due to the Plaintiff's knowledge of their victimization, and lack of providing her immediate protection from the age discrimination and harassment under the zero tolerance policies of the Defendant which resulted in her constructive discharge from her employment in violation of her federally protected civil rights on September 13, 2023.

## Section Four
## Causes of Action
### Count I. Federal Age Discrimination/Harassment/ Denial of Adequate Training

10. Plaintiff hereby incorporates by reference as if more fully set forth all preceding Paragraphs 1-9 of this Complaint.

11. This cause of action applies to the Defendant Employer by reason of the actions of its supervisory employees, agents, or officers acting in their official and not in their individual capacities.

12. The Plaintiff was a full-time permanent employee with Defendant at all relevant times herein. During her tenure of employment under the supervision of Ms. Jaclyn Brown's tenure as Director of Human Relations of the Topeka's Plant in the year 2020 but from January 6, 2021 to the date of Plaintiff being fired from her position with the Defendant on September 13, 2023 the Plaintiff was not being allowed the same privileges of other similarly situated employers and was, otherwise, generally subjected to discriminatory and retaliatory work conditions which resulted in her constructive discharge on September 13, 2023.

13. During the Plaintiff's employment with the Defendant and while supervised while in the employment of the Defendant's employees, agents, and officers during their course of supervision and while in their supervisory capacities, Plaintiff incurred and was subjected to age and retaliation (wage compensation rights/ disfavor of other employees due to her inability to cover weekend call-ins to cover for other employees

due her court supervised guardianship responsibilities for an adult special needs child requiring her 24/7 care when not in supervised day placement (on weekdays only) and other acts of denial of her rights otherwise available to her and other employees of the Defendant above alleged, and as a consequence she has suffered severe economic loss entitling her to back pay and retirement benefits (as well as liquidated damages above pled) for her damages also suffered for her mental assault resulting in physical and extreme mental pain and suffering, depression, anxiety, humiliation and embarrassment, all of which have been and continues to be ongoing due to her past, current and future humiliation, embarrassment and otherwise continued to be mentally and physically degraded due to her loss of employment. This conduct above-described is alleged to further include, either direct repeated effects of unwelcome egregious acts of age discrimination and harassment, or betrayal as a result of her Employer's tacitly condoning or approving same without properly supervising and training of its supervisors of its binding age and anti- harassment policies mandated by Title VII of the Civil Rights Act of 1964, , 42 USCA §§ 2000e, et seq.;   Age Discrimination in Employment Act (ADEA); and the Kansas Acts Against Discrimination, K.S.A. 44-1001 et seq. and K.S.A. 44-1113(a)(1) and (7); all as a result of the Defendant Employers' actions, Plaintiff has and continues to suffer her economic losses from her termination from employment,  and her permanent physical and mental injury, as well as anxiety and financial insecurity all as herein pled.

    14. As a result of the Plaintiffs suffered both economic and extreme mental  injuries including, but not limited to, the following, to-wit:

11

      a.     Inconvenience;

      b.     Insult;

      c.     Mental distress;

      d.     Embarrassment;

      e.     Humiliation;

      f.     Anxiety; extreme emotional pain and suffering, including treatment thereof; and

      g.     Depression, including treatment thereof.

15. As a result of the above and the Defendant Employer's apparent retaliatory response, or worse its apparent condonation of Defendant's ratification of Plaintiff's co-employees acts in shaming the Plaintiff, and of Defendant Employer's holding a deaf ear to Plaintiffs' complaints of harassment to upper-level-management combined with Plaintiff's knowledge of their failure to act immediately under the zero tolerance protections to provide safe harbor and protection to its employees complaining that they were victims of unlawful discrimination was again in direct contradiction to the Defendant's employment policies, the Plaintiff has suffered extreme mental shock, depression, anxiety/nervous breakdown, and caused the Plaintiff at the age of 60 further anxiety due to financial insecurity by reason of her economic losses due to wage loss and financial insecurity at time of her impending retirement she was planning for.

16. In retaliation for Plaintiff's complaint of hourly wage compensation withheld and her inability not cover weekend duties due to her son's disability requiring 24/7 care, Defendant's agent or employee(s) knowingly threatened Plaintiffs' job security with

false claims of listing allegations regarding sub-standard job performance and mandating duties that required advance training and unrealistic expectations of Plaintiff, all combined of which under all the circumstances was harassment and a ruse to force either direct or indirect termination from her employment based upon their knowledge that one or more of the Defendants' supervisory employees, agents, or officers had failed to timely provide for her protection to properly train her mandated by law under the existing anti-discrimination policies of the Defendant.

17. Defendant further did not maintain a method of alerting the Plaintiff, and other employees similarly situated that age or retaliation in any form would not be tolerated.

18. As a direct and proximate result of Plaintiff's injuries which includes her discharge from her employment as a Senior Coordinator, Operations Support, the Plaintiff has lost wages and benefits, she will continue to lose wages and benefits, and she has suffered physical and extreme mental assault in physical and mental pain and suffering, have been and she continues to be humiliated, embarrassed and otherwise mentally and physically degraded and has incurred back pay, and medical and retirement benefits losses, including an equal award of liquidated damages.

19. Defendant's conduct, described in Paragraphs 1 through 18 is in violation of Title VII of the Civil Rights Act of 1964, , 42 USCA §§ 2000e, et seq.; and the Age Discrimination in Employment Act (ADEA).

## Count II. State Civil Rights Violation

20. Plaintiffs hereby incorporate by reference as if more fully set forth all preceding Paragraphs 1-19 of this Complaint.

21. This cause of action applies to Defendant Employer by reason of the actions of its supervisory employees, agents, or officers acting in their official and not in their individual capacities. As used in this cause of action employees, agents, or officers unless otherwise identified are not named as a Defendant in the Complaint of the Plaintiff but only supervisory employees of Defendant.

22. Defendants' conduct, described in Paragraphs 1 through 22 was in violation of the Kansas Acts Against Discrimination, K.S.A. 44-1001 et seq. and K.S.A. 44-1009(1)(2) and (4). and the Kansas Acts Against Discrimination, K.S.A. 44-1001 et seq. and K.S.A. 44-1113(a)(1) and (7). (See Exhibit "A" attached hereto.

23. As a direct and proximate result of Plaintiff's injuries, which includes her discharge from employment, the Plaintiff has lost wages and benefits, will continue to lose wages and benefits, has suffered physical and extreme mental assault in both physical and mental pain and suffering, has been and continues to be humiliated, embarrassed and otherwise mentally and physically degraded and has incurred medical expense for treatment resulting from the permanent injuries flowing from Defendants' conduct.

WHEREFORE, Plaintiff prays that this Court enter an order sustaining her causes of action brought against the Defendants to be placed before a Jury for determination in

accordance with law, and that the Court permit a Jury to award compensatory monetary damages for her personal injuries, of a permanent and lasting nature due to her discrimination claims herein, her economic losses and back pay and retirement contribution loss, pain and suffering, past present and future medical, loss of income, loss of promotion at work, and an equal award of liquidated damages all as a direct and proximate cause in the amount greatly in excess of $75,000.00 for the violations of her federal civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq.; and on Plaintiff's State pendent claims of violation of the Kansas Acts Against Discrimination, K.S.A. 44-1001 et seq. Plaintiff also respectfully requests her reasonable attorney's fees under 42 U.S.C. § 1988, and any other statute providing for payment of attorney's fees for Plaintiff's significant claims brought against Defendant.

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff and demands a trial by Jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates that the Trial for this action be at Kansas City, Kansas.

Respectfully submitted,

/s/Eric Kjorlie
Eric Kjorlie, KS #08065

Attorney at Law
Historic Tinkham Veale Place
827 SW Topeka Blvd.
Topeka, Kansas 66612-1608
(785)232-6868(O);(785)232-6586(F)
kjorlielaw@sbcglobal.net
*Attorney for the Plaintiff*